■ EDDIE L. RILEY, Respondent, v. R. M. HOLLINGSHEAD CORPORATION, Appellant.— Judgment unanimously reversed, on the law, and a new trial ordered, with $50 costs and disbursements to defendant to abide the event. The action is for personal injuries claimed to have resulted from the inhalation of fumes emanating from a can of fabric cleaner manufactured by defendant. The issue in the case was whether the warnings on the labels of the can were adequate. An expert for the plaintiff testified that the product was unsafe for use by anyone who did not have technical training. There can be no doubt that

this was highly prejudicial testimony not germane to the issue in the case. In fact, it presented an entirely distinct issue (which issue plaintiff disavowed) that this was a product that should not have been marketed to the public and the defense to which would involve entirely different considerations and proof. Moreover, the witness' conclusion transcended the limits of legitimate expert testimony (*Clark* v. *Iceland S.S. Co.*, 6 A D 2d 544, 547). The statements in the hospital record as to the conditions of ventilation at the time the product was in use are admissible, provided these entries were important to the diagnosis of plaintiff's condition. We further believe the verdict to have been excessive, but on account of the disposition made this point is not discussed. Concur — Stevens, J. P., Steuer, Capozzoli, Rabin and McNally, JJ.